McCALEB, Justice
 

 (dissenting).
 

 I find it difficult to receive that the exception contained in Act No. 18 of 1886,
 
 [1]
 
 permitting hotels and boarding houses to provide wine for table use on Sundays, is
 
 *109
 
 an arbitrary or unreasonable discrimination against restaurants in general.
 

 The test to be employed in determining whether a statutory discrimination is unreasonable has been laid down by the Supreme Court of the United States and is stated in Metropolitan Casualty Ins. Co. v. Brownell, 294 U.S. 580, 55 S.Ct. 538, 540, 79 L.Ed. 1070, as follows:
 

 “It is a salutary principle of judicial decision, long emphasized and followed by this Court, that the burden of establishing the unconstitutionality of a statute rests on him who assails it, and that courts may not declare a legislative discrimination invalid unless, viewed in the light of facts made known or generally assumed, it is of such a character as to preclude the assumption that the classification rests upon some rational basis within the knowledge and experience of the legislators.
 
 A statutory discrimination will not be set aside as the denial of equal protection of the laws if any state of facts reasonably may be conceived to justify it.
 
 Rast v. Van Deman & L. Co., 240 U.S. 342, 36 S.Ct. 370, 357, 60 L.Ed. 679 [687], L.R.A. 1917A, 421, Ann.Cas.1917B, 455; State Board Tax Com’rs. of Indiana v. Jackson, 283 U.S. 527, 51 S.Ct. 540, 537, 75 L.Ed. 1248 [1255], 73 A.L.R. 1464 [75 A.L.R. 1536].” (Italics mine).
 

 There cannot be any doubt whatever that a reasonable state of facts existed in 1886 which justified the Legislature in making an exception in favor of hotels and boarding houses. Many people of this state, during the nineteenth and the early part of this century, were accustomed to have wine served with their meals. Obviously, the Legislature recognized this and felt that it would be unfair to deprive those persons residing in hotels and boarding
 
 *111
 
 houses of indulging in this custom. Hence the exemption.
 

 The majority opinion concedes that, at the time the statute was passed, there was “A possible reason for'this discrimination * * * because in general at that time only those persons living in hotels and boarding houses ate there, while restaurants were patronized by the general public,” But the majority go on to say that times have changed; that people presently residing in hotels and boarding houses patronize restaurants; that it is quite common for hotel restaurants and boarding houses to serve meals to the public and that, therefore, there is no longer any reason for the discrimination against restaurants. In other words, the majority hold that, whereas the legislation did not violate the equal protection clause of the Federal Constitution at the time of its enactment, it is no longer invulnerable to attack because, due to alteration of conditions in the hotel and restaurant business, the exception respecting hotels and boarding houses arbitrarily discriminates against restaurants.
 

 This reasoning is novel to say the least. It makes the constitutionality of a statute rest, not upon the facts and conditions presented to the Legislature at the time of the enactment, but upon circumstances existing, or said to exist, at the time the statute is assailed. Indeed, under such a view, the court actually arrogates to itself the right to repeal a law under the guise of constitutional construction — for by a finding (or rather an assumption as no evidence has been submitted to sustain it) of a changed state of affairs in the hotel and restaurant business, it perceives unreasonable classification and discrimination which strikes the law with nullity. Thus, the judiciary is exercising a function residing only in the lawmaker.
 

 I respectfully dissent.
 

 [1]
 

 This statute was held constitutional in all respects in State ex rel. Walker v. Judge, 39 La.Ann. 132, 1 So. 437, notwithstanding the inadvertent statement to the contrary in the majority opinion. In the Walker case, the statute was assailed as unconstitutional on numerous grounds. In outlining some of the objections (see page 137 of 39 La.Ann., page 441 of 1 So.) the court remarks: “(3) The other constitutional inhibitions invoked may be grouped and considered together.
 

 “They are — First, the remaining clauses of the Fourteenth Amendment, viz: ‘nor shall any state deprive any person
 
 *109
 
 of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of its laws”
 

 And, in discussing the question of discrimination, the court observes (see pages 141 and 142 of 39 La.Ann., page 444 of 1 So.) :
 

 “It only remains to consider the objection urged against the law on the ground of inequality, because of the numerous exceptions contained in the act.
 

 “The objection has not the slightest force. The law is not unequal in any constitutional sense. No person in the state is permitted to pursue any of the prohibited callings on Sunday. Every person is at liberty to pursue those which are excepted. The same discretion which authorized the legislature to determine that the public health, welfare, and eonvenience required the adoption of the general rule equally authorized it to exempt from its operation certain specified callings, on the ground that the public welfare and convenience would be more hindered than advanced by the suspension of such callings.
 

 “It is not for us to control the lawmaking power in such a case, or to require it to fit its laws to a Procrustean bed of our own construction.
 

 )¡í *{* . *f3 ¡I* í¡í ¡Jí !(í
 

 “Thus, on correct principles, sustained by overwhelming authority, we reach the conclusion that Act No. 18 of 1886, known as the ‘Sunday Law,’ is a legitimate exercise of the police power of the state, not violative of any inhibition contained in the constitutions-of the United States and of the state of Louisiana.”